IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| JAMES O'DONNEL | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-10-266 |
| | § | |
| TEXAS WINDSTORM INSURANCE | § | |
| ASSOCIATION | § | |
| and ALLSTATE INSURANCE COMPANY | § | |

## OPINION AND ORDER

Before the Court is the "Motion for Jury Trial" of Plaintiff, James O'Donnel; the Motion seeks an Order from the Court granting O'Donnel a jury trial against both Defendant Allstate Insurance Company (Allstate) and Defendant Texas Windstorm Insurance Association (TWIA). Having considered O'Donnel's Motion and each Defendant's submission in opposition to it, the Court now issues this Opinion and Order.

This is currently a "hybrid" action by O'Donnel to recover insurance benefits for flood damage, from Allstate, and windstorm damage, from TWIA, caused to his property during Hurricane Ike. Judge Hoyt scheduled the case for a bench trial, but indicated that O'Donnel could revisit the issue, which prompted the instant Motion.

Insofar as O'Donnel requests a jury trial against Allstate his Motion must be denied. It is well-settled and beyond peradventure that O'Donnel is not entitled to a jury trial under either the Seventh Amendment, Lehman v. Nakshian, 453 U.S. 156, 160 (1981), or the National Flood Insurance Act, Sandia Oil Co., Inc. v. Beckton, Director FEMA, 889 F.2d 258, 262 (10th Cir. 1989), against Allstate while acting as a fiscal agent of the United States and the equivalent of FEMA itself, Van Holt v. Liberty Mutual Ins. Co., 163 F.3d 161, 166 (3$^{d}$ Cir. 1998), in its

capacity as a WYO insurance carrier with the National Flood Insurance Program. It is, therefore,

**ORDERED** that O'Donnel's "Motion for Jury Trial" (Instrument no. 13) of the claims asserted against Allstate is **DENIED**.

On the other hand, there is no legal impediment to a jury trial of O'Donnel's claims against TWIA and it seems premature to be too concerned with the potential problems cited by TWIA as attendant to preserving O'Donnel's right to a jury. A lot may happen between now and the time of trial, for example, O'Donnel may resolve his claim with Allstate. It is, therefore, further **ORDERED** that TWIA's "Motion to Strike Plaintiff's Jury Demand" (Instrument no. 17) is **DENIED** and that O'Donnel's "Motion for Jury Trial" (Instrument no. 13) of his claims against TWIA is **GRANTED**, without prejudice to TWIA reurging, without refiling, its Motion at a more appropriate time.

**DONE** at Galveston, Texas, this ____14th____ day of February, 2011.

John R. Froeschner
United States Magistrate Judge